UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNG VU TRAN,<br><br>    Petitioner,<br><br>v.<br><br>ERIK BONNAR, et al.,<br><br>    Respondent. | Case No. 18-cv-02643-HSG<br><br>**ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT** |

On May 4, 2018, Dung Vu Tran ("Petitioner"), petitioned for a Writ of Habeas Corpus ordering his immediate release from custody. Dkt. No. 1. Mr. Tran alleged that his continued detention under 8 U.S.C. § 1231(a)(6) violated Supreme Court Precedent. *See Id.*; Dkt. No. 15. Mr. Tran was placed in ICE custody around November 3, 2017, and he was held in detention for over six months. Dkt. No. 17 at 1. Mr. Tran was released from custody on June 7, 2018. *Id.*

Pursuant to 28 U.S.C. § 2254(a), a petitioner seeking a writ of habeas corpus must be "in custody." 28 U.S.C.A. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Once a habeas petitioner has been released from custody, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

//
//
//
//
//
//
//

The Court therefore **ORDERS** Mr. Tran to show cause why the instant petition should not be dismissed as moot. Within thirty (30) days of the date of this order, Mr. Tran shall file with the Court and serve on respondent's counsel a response to the order to show cause. Respondent shall file a reply to the response within fifteen (15) days of the date the response is filed. Should Mr. Tran fail to file a timely response, the petition may be dismissed as moot without further order of the Court.

**IT IS SO ORDERED.**

Dated: 8/7/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge